UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| HEAVEN HILL DISTILLERIES, INC. | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:18-CV-556-DJH |
| | ) | |
| HEAVEN'S DOOR SPIRITS, LLC | ) | |
| | ) | |
| DEFENDANT | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**
**TRADE NAME INFRINGEMENT, AND UNFAIR COMPETITION**

Plaintiff Heaven Hill Distilleries, Inc. ("Heaven Hill"), by counsel, brings this Complaint against Defendant Heaven's Door Spirits, LLC ("Heaven's Door" or "Defendant"), and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for infringement of Heaven Hill's federally registered trademark HEAVEN HILL under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); for infringement of Heaven Hill's trade name "Heaven Hill," unfair competition, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for substantial and related claims under the statutes and common law of the Commonwealth of Kentucky, all arising from Defendant's unauthorized use of the mark HEAVEN'S DOOR in connection with the production, distribution, marketing, advertising, promotion, offering for sale, and sale of whiskey.

2.     Heaven Hill seeks injunctive and monetary relief.

## PARTIES

3.     Heaven Hill is a corporation organized under Kentucky law and has its principal place of business in Bardstown, Kentucky.

4.     Upon information and belief, Defendant Heaven's Door is a limited liability company formed under the laws of Delaware, with its principal place of business in Chicago, Illinois.  Upon information and belief, Defendant has four (4) members who are domiciliaries and citizens of Illinois:  Marc Bushala, Jeff Rosen, Andrew Rashkow, and Tom Flocco.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, inasmuch as this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this Complaint occurred in this judicial district.

7.     This Court has personal jurisdiction over Defendant under KRS § 454.210, Kentucky's long-arm statute, because Defendant engaged in the actions complained of herein within this judicial district, including infringing upon Heaven Hill's trademark and trade name by marketing and selling whiskey under the mark HEAVEN'S DOOR within this judicial district.

## FACTUAL BACKGROUND

### Heaven Hill's Trademark

8.     Heaven Hill is the largest independent family-owned and operated producer and marketer of distilled spirits in the United States.  Operating since 1935, Heaven Hill has retained

2

its commitment to independence and family-ownership grounded in a mission and core values suited to building for the long term.

9.     Heaven Hill is also the owner of the HEAVEN HILL trademark, and related trademarks incorporating the HEAVEN HILL mark, which it uses in connection with a wide range of alcoholic beverages, including, without limitation, whiskey, bourbon,[1] and other distilled spirits, along with retail store services, visitor centers, and a distillery ("Heaven Hill's Goods and Services").  Heaven Hill, directly and through its predecessors, has used the mark HEAVEN HILL continuously in connection with the sale of whiskey since at least as early as 1937.

10.    Heaven Hill is the owner of the trade name "Heaven Hill," which it has used continuously in connection with the production and marketing of its distilled spirits and liquors, as well as for its distillery, distillery tours, and Bourbon Heritage Center services.

11.    Heaven Hill was founded by the Shapira family in Bardstown, Kentucky in the mid 1930's, shortly after Prohibition and at the height of the Great Depression, as Old Heaven Hill Springs Distillery, Incorporated.  It has been in continuous operation though its successors, Old Heaven Hill Springs Distillery, a partnership of three of the founding Shapira brothers, and the current entity, Heaven Hill Distilleries, Inc., beginning in 1958.  At all times Heaven Hill has been controlled by the Shapira family.  As of 2018, Heaven Hill is the largest independent family-owned-and-operated producer of distilled spirits, and according to industry analysis, is also the sixth-largest spirits supplier in the United States, and the second-largest holder of aging bourbon whiskey in the world, with an inventory in excess of 1,400,000 barrels.

---

[1] Bourbon is a form of whiskey that is made in the United States with a mash bill of at least 51% corn, among other requirements.  All bourbons and whiskeys are distilled spirits.  Any time the word "whiskey" is used in the singular in this Complaint (or elsewhere, for that matter), it necessarily encompasses bourbons.

12.     Over the last three decades, Heaven Hill has built on its foundation of American whiskeys to become a broadly diversified supplier of whiskeys, liqueurs, vodkas, rums, and other spirits under the HEAVEN HILL Mark and other marks.  Among many things, Heaven Hill is known for its HEAVEN HILL-branded Kentucky straight bourbon whiskeys, as shown below:



13.   Heaven Hill sells HEAVEN HILL-branded whiskey in all fifty states.

14.   Heaven Hill's brand portfolio also includes the world's second-largest selling bourbon, Evan Williams® Bourbon; Elijah Craig® Small Batch Bourbon; and various other award-winning bourbons and whiskeys.



15.   Heaven Hill produces and distributes these various whiskeys and bourbons alongside dynamic brands of other types of distilled spirits and alcoholic beverages, including Deep Eddy® Vodka; Lunazul® Tequila; and category leading brands Burnett's® Vodka, Christian Brothers® Brandy, Carolan's Irish Cream®, and Admiral Nelson's® Rums under the umbrella of HEAVEN HILL BRANDS®.  Heaven Hill also produces and sells a number of distilled spirits and alcoholic beverages designed to fill growing segments of the on- and off-premise market like Hpnotiq® Liqueur, Blackheart® Rum, Domaine de Canton®, and PAMA® Liqueur under the umbrella of HEAVEN HILL BRANDS®.

16.   Heaven Hill has been, and continues to be, selected for numerous awards and

accolades, including its HEAVEN HILL SELECT STOCK bourbon winning the silver medal for Double Barreled Bourbon at the 2017 World Whiskies Awards.  Heaven Hill also won Icons of Whiskey Distiller of the Year awards from *Whisky Magazine* in 2008, 2009, 2016, and 2017, and U.S. Whiskey Distiller of the Year award from *Whisky Magazine* in 2009.

17.     Heaven Hill is the owner of valid and subsisting United States Registration No. 693,986 on the Principal Register in the United States Patent and Trademark Office ("USPTO") for HEAVEN HILL for use in connection with whiskey, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Attached at Exhibit 1 is a true and correct copy of the registration certificate and maintenance records for Heaven Hill's United States HEAVEN HILL Registration No. 693,986, which was issued by the USPTO on March 1, 1960.

18.     Heaven Hill and its predecessors have used the HEAVEN HILL mark in commerce throughout the United States continuously since at least as early as September 1937 in connection with whiskey.  Attached at Exhibit 2 are photographs showing Heaven Hill's use of the HEAVEN HILL mark.

19.     Heaven Hill is the owner of valid and subsisting United States Registration No. 355,451 on the Principal Register in the USPTO for OLD HEAVEN HILL for use in connection with whiskey.  Attached at Exhibit 1 is a true and correct copy of the registration certificate and maintenance records for Heaven Hill's United States OLD HEAVEN HILL Registration No. 355,451, which was issued by the USPTO on March 15, 1938.

20.     Heaven Hill and its predecessors have used the OLD HEAVEN HILL mark in commerce throughout the United States continuously since at least as early as July 1937 in

connection with whiskey.  Attached at Exhibit 2 are photographs showing Heaven Hill's use of the OLD HEAVEN HILL mark.

21.     Heaven Hill is the owner of valid and subsisting United States Registration No. 3,875,902 on the Principal Register in the USPTO for AMERICAN WHISKEY COLLECTION HEAVEN HILL DISTILLERIES, INC. HH DISTILLERIES & Design for use in connection with whiskey, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Attached at Exhibit 1 is a true and correct copy of the registration certificate and maintenance records for Heaven Hill's United States Registration No. 3,875,902, which was issued by the USPTO on November 16, 2010.

22.     Heaven Hill has used the AMERICAN WHISKEY COLLECTION HEAVEN HILL DISTILLERIES, INC. HH DISTILLERIES & Design mark in commerce throughout the United States continuously since at least as early as September 2009 in connection with whiskey. Attached hereto at Exhibit 2 are photographs showing Heaven Hill's use of the AMERICAN WHISKEY COLLECTION HEAVEN HILL DISTILLERIES, INC. HH DISTILLERIES & Design mark.

23.     Heaven Hill is the owner of valid and subsisting United States Registration No. 4,495,860 on the Principal Register in the USPTO for HEAVEN HILL SELECT STOCK & Design for use in connection with alcoholic beverages except beer.  Attached at Exhibit 1 is a true and correct copy of the registration certificate for Heaven Hill's United States HEAVEN HILL SELECT STOCK & Design Registration No. 4,495,860, which was issued by the USPTO on March 11, 2014.

24.     Heaven Hill has used the HEAVEN HILL SELECT STOCK & Design mark in commerce throughout the United States continuously since at least as early as November 2013 in

connection with alcoholic beverages except beer.  Attached at Exhibit 2 are photographs showing Heaven Hill's use of the HEAVEN HILL SELECT STOCK & Design mark in connection with these distilled spirits.

25.     Heaven Hill is the owner of valid and subsisting United States Registration No. 4,770,439 on the Principal Register in the USPTO for HEAVEN HILL BRANDS & Design for use in connection with alcoholic beverages except beer.  Attached at Exhibit 1 is a true and correct copy of the registration certificate for Heaven Hill's United States HEAVEN HILL BRANDS & Design Registration No. 4,770,439, which was issued by the USPTO on July 7, 2015.

26.     Heaven Hill has used the HEAVEN HILL BRANDS & Design mark in commerce throughout the United States continuously since at least as early as December 2014 in connection with alcoholic beverages except beer.  Attached at Exhibit 2 are photographs showing Heaven Hill's use of the HEAVEN HILL BRANDS & Design mark.

27.     Heaven Hill is the owner of valid and subsisting United States Registration No. 5,242,398 on the Principal Register in the USPTO for HEAVEN HILL DISTILLERY EST 1935 & Design for use in connection with alcoholic beverages except beer; retail store services featuring distilled spirits, gifts, and sundries; and education and entertainment services, namely, operating a visitor center facility exhibiting the operation of a distillery.  Attached at Exhibit 1 is a true and correct copy of the registration certificate for Heaven Hill's United States HEAVEN HILL DISTILLERY EST 1935 & Design Registration No. 5,242,398, which was issued by the USPTO on July 11, 2017.

28.     Heaven Hill has used the HEAVEN HILL DISTILLERY EST 1935 & Design mark in commerce throughout the United States continuously since at least as early as December

2016 in connection with alcoholic beverages except beer; retail store services featuring distilled spirits, gifts, and sundries; and education and entertainment services, namely, operating a visitor center facility exhibiting the operation of a distillery.  Attached at Exhibit 2 are photographs showing Heaven Hill's use of the HEAVEN HILL DISTILLERY EST 1935 & Design mark.

29.     Heaven Hill is the owner of the United States Application Serial No. 87/826,002 for HEAVEN HILL INC. & Design for use in connection with alcoholic beverages except beer, which has been Allowed by the USPTO on July 3, 2018.  Attached at Exhibit 1 is a true and correct copy of the application filed with the USPTO on March 8, 2018.

30.     As a result of its widespread, continuous and exclusive use of the HEAVEN HILL mark, and marks incorporating HEAVEN HILL, to identify its distilled spirits and Heaven Hill as their source, Heaven Hill owns valid and subsisting federal statutory and common law rights to the HEAVEN HILL mark (hereinafter, and collectively, the "HEAVEN HILL Mark").

31.     Heaven Hill's HEAVEN HILL Mark is distinctive to both the consuming public and Heaven Hill's trade.

32.     Heaven Hill has expended substantial time, money, and resources marketing, advertising, and promoting its Goods and Services sold under the HEAVEN HILL Mark including, but not limited to, through use of various media, including print, podcast, and Internet; social media marketing; trade show booth and event activation; production and dissemination of collateral, including printed materials and promotional items; video production; and distributor incentives.  In the last five (5) years, Heaven Hill has expended in excess of $7,500,000 marketing, advertising, and promoting distilled spirits and whiskeys marketed under the Heaven Hill umbrella.  More than $3,600,000 of this amount was spent on HEAVEN HILL-branded distilled spirits and whiskeys, including more than $600,000 on

HEAVEN HILL-branded whiskeys and bourbons.

33.     Heaven Hill, directly and through its authorized distributors, distributes and sells distilled spirits under the HEAVEN HILL Mark through a three-tier distribution system, which effectively limits the trade channels through which alcoholic beverages can be distributed.

34.     During the last five (5) years, Heaven Hill has sold more than 830,000 nine (9) liter equivalent cases of HEAVEN HILL-branded whiskeys and bourbons, and has sold more than 3.7 million nine (9) liter equivalent cases HEAVEN HILL-branded distilled spirits.[2]

35.     Heaven Hill provides retail store services, and operates visitor centers and distilleries, under the HEAVEN HILL Mark.  The Heaven Hill EVAN WILLIAMS BOURBON EXPERIENCE® in Downtown Louisville is visited by more than 100,000 visitors a year, while the Heaven Hill Bourbon Heritage Center in Bardstown—a stop on the wildly successful Kentucky "Bourbon Trail"—receives approximately 65,000 annual visitors a year, which include visitors from every state in the nation.

36.     Heaven Hill also generates a large volume of website traffic, including more than 165,000 unique visitors to www.heavenhill.com with more than 750,000 page views and more than 230,000 unique visitors to www.heavenhilldistillery.com with more than 700,000 page views over the last year.

37.     Heaven Hill has scrupulously and successfully enforced and protected its HEAVEN HILL Mark against past infringements, through cease-and-desist letters, domain name enforcement actions, and litigation.   Heaven Hill engages a watch service to monitor for

---

[2] Traditionally, the most common form of shipping carton in the distilled spirits trade has been a carton with twelve (12) 750 ml bottles—nine (9) liters of spirits.  The trade has therefore adopted "nine (9) liters equivalent cases" as the standard unit of measure for reporting product volume. Thus, shipments of cartons containing a different volume of spirits are reported as the equivalent volume of nine (9) liter cases.

potentially infringing uses of its HEAVEN HILL Mark and acts upon watch notices when it believes a third-party mark will infringe Heaven Hill's rights and thereby cause harm to Heaven Hill.

38.     As a result of Heaven Hill's expenditures and efforts, the HEAVEN HILL Mark is very strong.  It has come to signify the high quality of the whiskeys, bourbons, and distilled spirits designated by the HEAVEN HILL Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Heaven Hill.

39.     Heaven Hill has received significant unsolicited coverage in various media pertaining to Heaven Hill's Goods and Services in connection with the HEAVEN HILL Mark.

### Defendant's Infringing Activity

40.     Defendant is engaged in the production, distribution, marketing, and sale of distilled spirits, namely a series of American whiskeys.

41.     Approximately eighty (80) years after Heaven Hill acquired protectable exclusive rights in its HEAVEN HILL Mark, Defendant adopted and began using the mark HEAVEN'S DOOR (hereinafter, the "Infringing Mark" or the "HEAVEN'S DOOR Mark") in United States commerce, and did so without Heaven Hill's authorization.

42.     The Infringing Mark adopted and used by Defendant is confusingly similar to Heaven Hill's HEAVEN HILL Mark, in that they both share a dominant and distinctive element HEAVEN, resulting in similarities between the visual appearance, sound, and consumer connotation of the marks, and are:  (i) used in connection with identical and highly related goods; (ii) likely to travel in identical and overlapping trade channels; and (iii) marketed to identical or highly similar groups of consumers.

43.     More particularly, Heaven Hill's HEAVEN HILL mark, Registration No. 693,986, and Defendant's HEAVEN'S DOOR Mark are confusingly similar in that the marks

share an essentially identical first element ("HEAVEN") followed by a single-syllable, four-letter word ("HILL" and "DOOR"), both generally printed in stacked, block-script letters, resulting in similarities between the visual appearance, sound, and consumer connotation of the marks.  And, as noted above, the goods associated with these two marks are:  (i) identical or nearly identical; (ii) likely to travel in identical and overlapping trade channels; and (iii) marketed to identical or highly similar groups of consumers.

44.     According to the publicly available Trademark Status & Document Retrieval records ("TSDR"), Defendant has applied for U.S. federal trademark protection for the mark HEAVEN'S DOOR, Application Serial Number 87/401,073, for use in connection with distilled spirits.  Attached as Exhibit 3 is a true and correct copy of the application filed with the USPTO on April 6, 2017.

45.     According to the publicly available TSDR records, Defendant has also applied for U.S. federal trademark protection for the stylized version of the mark HEAVEN'S DOOR, Application Serial Number 87/401,078, for use in connection with distilled spirits.  Attached as Exhibit 3 is a true and correct copy of the application filed with the USPTO on April 6, 2017.

46.     Defendant has been engaged in the production, distribution, advertising, promotion, offering for sale, and sale of distilled spirits using the Infringing Mark throughout the United States, including specifically in Kentucky, Tennessee, Illinois, Florida, New York, Texas, and California.  Attached hereto as Exhibit 4 are true and correct photographic depictions of the distilled spirits showing Defendant's use of the Infringing Mark.

47.     The distilled spirits Defendant has produced, distributed, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are identical goods to many of

those produced by Heaven Hill under the HEAVEN HILL Mark, particularly a series of American whiskeys.

48.     Defendant has produced, distributed, marketed, advertised, promoted, offered for sale, and sold its distilled spirits under the Infringing Mark through the identical, regulated channels of trade through which Heaven Hill's HEAVEN HILL brand products move in at least Kentucky, Tennessee, Illinois, Florida, New York, Texas and California.

49.     In fact, Defendant has promoted, distributed, and sold its product in and around Louisville, Kentucky, which is within this judicial district and division, and is where Heaven Hill was founded and has distilled whiskey under the HEAVEN HILL Mark since 1937.  Upon information and belief, Defendant intentionally and willfully intended to trade upon the goodwill of Heaven Hill in its HEAVEN HILL Mark by its actions in distributing, marketing, advertising, promoting, offering for sale, and selling in trade channels identical to and overlapping with Heaven Hill.

50.     Upon information and belief, Defendant has marketed, advertised, and promoted its distilled spirits under the Infringing Mark through various media, including print and Internet, and social media marketing, which are also channels used by Heaven Hill for its marketing, advertising, and promotion.

51.     Defendant offers and sells its distilled spirits under the Infringing Mark to identical and highly related groups of consumers as those to whom Heaven Hill offers and sells its products, namely American whiskey drinkers of a legal age to purchase such products.

52.     In August 2017, Heaven Hill became aware of Defendant's applications to register the HEAVEN'S DOOR Mark for use in connection with distilled spirits.  At that time, each of Defendant's applications was filed based on Defendant's intent to use the HEAVEN'S

DOOR Mark and without further specification of planned use.  Given the mere intent to use nature of the trademark applications, Heaven Hill continued to monitor to determine if Heaven's Door would ever produce a product.

53.     In April 2018, Heaven Hill found certificates of label approval ("COLAs") issued by the Alcohol and Tobacco Tax and Trade Bureau ("TTB") demonstrating that Heaven's Door was launching a series of American whiskey products prominently featuring the HEAVEN'S DOOR Mark in an all caps, block text, and stacked format. Upon learning of Defendant's intention to use the HEAVEN'S DOOR Mark in connection with whiskey, Heaven Hill decided to take action.

54.     On April 25, 2018, Heaven Hill, through counsel, sent a cease-and-desist letter to Defendant objecting to Defendant's use of the Infringing Mark and demanding it cease and desist use of the HEAVEN'S DOOR Mark.  Attached as Exhibit 5 is a true and correct copy of Heaven Hill's counsel's cease-and-desist letter to Defendant.

55.      On May 3, 2018, counsel for Defendant sent a response to Heaven Hill's cease-and-desist letter and indicated that Defendant did not believe a likelihood of confusion would result from its use of the HEAVEN'S DOOR Mark and advised that it did not intend to change the Infringing Mark or otherwise comply with the demands set out in Heaven Hill's counsel's cease-and-desist letter.

56.     Within five (5) days of receipt of this letter, Heaven Hill had its attorney engage prominent consumer survey expert Hal Poret to conduct a scientific survey to determine whether Defendant's use of the Heaven's Door name for its product would create a likelihood of confusion with Heaven Hill.  Mr. Poret conducted a sequential lineup version of a "*Squirt*" format survey, which "is an attempt to replicate the marketplace process of advertising exposure

to a brand or trade dress, followed by being confronted in the market with both similar and differing brands or trade dresses." *See* J. Thomas McCarthy, 6 *McCarthy on Trademarks and Unfair Competition* § 32:177 (5th ed.).  It is well accepted as a standard method for assisting likelihood of confusion in situations where, as here, the parties' products are directly competitive or sufficiently related or overlapping such that consumers would be reasonably likely to encounter both in close proximity in the marketplace.

57.     The result of such a survey is a "confusion rate," and courts have held that confusion rates between 25% and 50% are extremely solid support for a finding of likelihood of confusion.     *See Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 466–67 (4th Cir. 1996) (survey results of between 30% and 40% supported a likelihood of confusion, "but even if the true figure were only half of the survey estimate, actual confusion would . . . nevertheless exist to a significant degree"); *McNeil-PCC, Inc. v. Granutec, Inc.*, 919 F. Supp. 198, 202–03 (E.D.N.C. 1995) (survey results of 28% and 21% supported a likelihood of confusion).

58.     Other courts have found that when additional evidence is supportive, a confusion rate between 10% and 20% is strong enough.  *See Mut. of Omaha Ins. Co. v. Novak*, 836 F.2d 397, 400 (1987) (survey result of 10% supported a likelihood of confusion, despite some "ambiguity" in the questions); *Exxon Corp. v. Tex. Motor Exchange of Houston, Inc.*, 628 F.2d 500, 507 (5th Cir. 1980) (survey result of 15% constituted strong evidence of a likelihood of confusion); *NFL v. Governor of State of Del.*, 435 F. Supp. 1372, 1380-81 (D. Del. 1977) (survey result of 19% and 21% supported a finding of substantial confusion); *Jockey Int'l, Inc. v. Burkard*, No. 74 123 S, 1975 WL 21128, at *6 (S.D. Cal. Feb. 21, 1975) (survey result of 11.4% supported a likelihood of confusion when considered alongside additional evidence); *Grotian, Helfferich, Schultz, Th. Steinweg Nachf. v. Steinway & Sons*, 365 F. Supp. 707, 716 (S.D.N.Y.

1973) (survey result of 8.5% supported likelihood of confusion when considered alongside additional evidence).

59.     Mr. Poret concluded his survey in July 2018, and found there to be a "high likelihood of confusion—a net confusion rate of 39% in excess of the survey 'noise' or false positive level as measured through a Control Group."  Attached as Exhibit 6 is a copy of the Expert Report of Hal Poret Regarding Survey to Assess the Extent to which the Name HEAVEN'S DOOR for Whiskey Creates a Likelihood of Confusion with HEAVEN HILL.

60.     Mr. Poret's survey results scientifically confirm Heaven Hill's position that consumers are likely be confused by use of the HEAVEN'S DOOR Mark in connection with whiskey products.

61.     Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's distilled spirits and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's whiskeys originate from, are associated or affiliated with, or otherwise authorized by Heaven Hill.

62.     Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of the HEAVEN HILL Mark, cause confusion and deception in the marketplace, and divert potential sales of Heaven Hill's whiskeys.

63.     Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Heaven Hill and to its valuable reputation and goodwill with the consuming public for which Heaven Hill has no adequate remedy at law.  Upon information and belief, Defendant intends to continue to use the Infringing Mark in connection with the production, distribution, marketing, advertisement, promotion, offer for sale, and sale of

whiskeys unless otherwise restrained.

64.     Heaven Hill is suffering irreparable injury and has no adequate remedy at law.

## COUNT I

### Federal Trademark Infringement in Violation of Section 32 of the Lanham Act

65.     Each of the foregoing Paragraphs of this Complaint is hereby incorporated in this Count by reference.

66.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's whiskeys, and is likely to cause consumers to believe, contrary to fact, that Defendant's whiskeys are sold, authorized, endorsed, or sponsored by Heaven Hill, or that Defendant is in some way affiliated with or sponsored by Heaven Hill.  Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

67.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Heaven Hill's prior rights in the HEAVEN HILL Mark and with the willful intent to cause confusion and trade on Heaven Hill's goodwill.

68.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

69.     Defendant's conduct is causing immediate and irreparable harm and injury to Heaven Hill, and to its goodwill and reputation, and will continue to both damage Heaven Hill and confuse the public unless enjoined by this Court.  Heaven Hill has no adequate remedy at law.

## COUNT II

### Trade Name Infringement in Violation of Section 43(a) of the Lanham Act

70.     Each of the foregoing Paragraphs of this Complaint is hereby incorporated in this Count by reference.

71.     Defendant's unauthorized use in commerce of the infringing mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's whiskeys, and is likely to cause consumers to believe, contrary to fact, that Defendant's whiskeys are sold, authorized, endorsed, or sponsored by Heaven Hill, or that Defendant is in some way affiliated with or sponsored by Heaven Hill.  Defendant's conduct therefore constitutes trade name infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72.     Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Heaven Hill's prior rights in the "Heaven Hill" trade name and with the willful intent to cause confusion and trade on Heaven Hill's goodwill.

73.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

74.     Defendant's conduct is causing immediate and irreparable harm and injury to Heaven Hill, and to its goodwill and reputation, and will continue to both damage Heaven Hill and confuse the public unless enjoined by this Court.  Heaven Hill has no adequate remedy at law.

## COUNT III

### Unfair Competition in Violation of Section 43(a) of the Lanham Act

75.     Each of the foregoing Paragraphs of this Complaint is hereby incorporated in this Count by reference.

76.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's whiskeys, and is likely to cause consumers to believe, contrary to fact, that Defendant's whiskeys are sold, authorized, endorsed, or sponsored by Heaven Hill, or that Defendant is in some way affiliated with or sponsored by Heaven Hill.

77.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

78.     Upon information and belief, Defendant's conduct as alleged herein is willful and is both intended to and likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Heaven Hill.

79.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Heaven Hill, and to its goodwill and reputation, and will continue to both damage Heaven Hill and confuse the public unless enjoined by this Court.  Heaven Hill has no adequate remedy at law.

## COUNT IV

## Trademark Infringement in Violation of KRS 365.601

81.     Each of the foregoing Paragraphs of this Complaint is hereby incorporated in this Count by reference.

82.     Defendant's use of the Infringing Mark is likely to cause confusion or mistake, and to deceive consumers, the public, and the trade into believing that Defendant's use of the Infringing Mark is licensed, authorized, affiliated with, or sponsored by Heaven Hill.

83.     Upon information and belief, Defendant has acted with knowledge of Heaven Hill's ownership of the HEAVEN HILL Mark, and has acted with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill in the HEAVEN HILL Mark.

84.     Defendant's acts constitute trademark infringement in violation of Heaven Hill's rights under KRS 365.601.

85.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

86.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Heaven Hill, and to its goodwill and reputation, and will continue to both damage Heaven Hill and confuse the public unless enjoined by this Court.  Heaven Hill has no adequate remedy at law.

## COUNT V

## Trademark Infringement and Unfair Competition in Violation of Kentucky Common Law

87.     Each of the foregoing Paragraphs of this Complaint is hereby incorporated in this Count by reference.

88.     Heaven Hill and its predecessors have continually used its HEAVEN HILL Mark in connection with whiskey since at least as early as 1937, adding the additional related trademarks incorporating the literal elements HEAVEN HILL over the years that followed.

89.     Defendant's use of the HEAVEN'S DOOR Mark in connection with whiskey is likely to cause confusion about the source of origin of the goods in violation of the common law of the Commonwealth of Kentucky, in that such use of the Infringing Mark is likely to impair the goodwill and unfairly profit from the use of a similarly confusing mark.

90.     Defendant's wrongful use of the HEAVEN'S DOOR Mark as alleged herein is likely to cause confusion and likely to deceive the public into believing falsely that Defendant's

goods are affiliated, associated, connected, sponsored or otherwise approved by Heaven Hill, when in fact Defendant has no connection or affiliation whatsoever with Heaven Hill.

91.     Defendant, through its use of the Infringing Mark, has engaged in misrepresentation, unfairly competing with Heaven Hill in violation of Kentucky common law.

92.     Defendant's actions constitute trademark infringement and unfair competition in violation of the common law of the Commonwealth of Kentucky.

93.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

94.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Heaven Hill, and to its goodwill and reputation, and will continue to both damage Heaven Hill and confuse the public unless enjoined by this Court.  Heaven Hill has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Heaven Hill requests judgment against Defendant as follows:

1.      Holding that Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

2.      Holding that Defendant has violated KRS 365.601 and the common law of the Commonwealth of Kentucky;

3.      Granting preliminarily and permanently injunctive relief enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.      Producing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to produce, distribute, sell, market, advertise or promote whiskeys

bearing the HEAVEN'S DOOR Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Heaven Hill's HEAVEN HILL Mark;

b.      engaging in any activity that infringes Heaven Hill's rights in its HEAVEN HILL Mark;

c.      engaging in any activity that infringes Heaven Hill's trade name;

d.      engaging in any activity constituting unfair competition with Heaven Hill;

e.      making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that:  (i) Defendant's whiskeys are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Heaven Hill; or (ii) Heaven Hill's Goods and Services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

f.      using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Heaven Hill or tend to do so;

g.      registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the HEAVEN'S DOOR Marks or any other mark that infringes or is likely to be confused with the HEAVEN HILL Mark, or any goods or services of Heaven Hill, or Heaven Hill as their source; and

h.      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by subparagraphs (a) through (g);

4.      Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Heaven Hill or constitute or are connected with Heaven Hill's Goods and Services;

5.      Directing Defendant to cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the HEAVEN'S DOOR Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the HEAVEN HILL Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the HEAVEN'S DOOR Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the HEAVEN HILL Mark, and to immediately remove them from public access and view;

6.      Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, containers, advertisements, promotions, signs, displays, and related

materials incorporating or bearing the HEAVEN'S DOOR Mark or any other mark that is confusingly similar to, or a colorable imitation of, the HEAVEN HILL Mark;

7.      Directing Defendant to formally abandon with prejudice any and all of its applications to register the HEAVEN'S DOOR Mark or any mark consisting of, incorporating, or containing the HEAVEN HILL Mark or any confusingly similar variation or colorable imitation thereof on any state or federal trademark registry, including, without limitation, Application Serial Numbers 87/401,073 and 87/401,078;

8.      Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the Court and serve upon Heaven Hill's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

9.      Directing that Defendant account to and pay over to Heaven Hill all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Heaven Hill for the damages caused thereby;

10.      Awarding Heaven Hill punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement;

11.      Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), and awarding Heaven Hill its costs and reasonable attorneys' fees thereunder;

12.      Awarding Heaven Hill interest, including prejudgment and post-judgment interest, on the foregoing sums; and

13.      Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/  Christopher W. Brooker*
Christopher W. Brooker
Matthew A. Williams
Sean G. Williamson
Julie A. Laemmle
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky  40202-2898
(502) 589-5235
cbrooker@wyattfirm.com
mwilliams@wyattfirm.com
swilliamson@wyattfirm.com
jlaemmle@wyattfirm.com


**Counsel for Plaintiff, Heaven Hill Distilleries, Inc.**

61743081.10