UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| HEAVEN HILL DISTILLERIES, INC.    )<br>                                                              )<br>       PLAINTIFF                                    )<br>                                                              )<br>v.                                                           )       CIVIL ACTION NO. <u>3:18-CV-556-DJH</u><br>                                                              )<br>HEAVEN'S DOOR SPIRITS, LLC         )<br>                                                              )<br>       DEFENDANT                                 )  | |

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff Heaven Hill Distilleries, Inc. ("Heaven Hill") owns the trademark HEAVEN HILL. Heaven Hill has been making and selling whiskey under the HEAVEN HILL trademark since its first batch of whiskey aged shortly after the end of prohibition. As a result, HEAVEN HILL is a very strong trademark. Within the last few months, Defendant Heaven's Door Spirits, LLC ("Heaven's Door") started selling competing whiskeys under the HEAVEN'S DOOR mark. Given the strength of the HEAVEN HILL mark, both scientific survey evidence and common sense establish that there is a strong likelihood that whiskey consumers will believe that Heaven's Door's products are produced by, or associated with, Heaven Hill.

Accordingly, pursuant to FED. R. CIV. P. 65 and 15 U.S.C. § 1116, Heaven Hill hereby moves this court for a preliminary injunction prohibiting Defendant Heaven's Door and its officers, directors, employees, agents, subsidiaries, and distributors, from:

1. Producing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to produce, distribute, sell, market, advertise or promote whiskey bearing the

HEAVEN'S DOOR Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Heaven Hill's HEAVEN HILL trademark.

2. Knowingly aiding, assisting, abetting, or acquiescing in any other person or business entity's infringement as described in Paragraph 1 above.

Heaven Hill requests that this prohibition take effect 30 days from entry of the Court's order, during which period Heaven's Door may sell through or remove from commerce any existing product inventory, advertising, displays, media images, or other publicly available or viewable articles that are not in compliance with Paragraph 1 ("the Compliance Period"). At the conclusion of the Compliance Period, Heaven's Door shall securely store in a non-public facility, or destroy, any remaining products or articles covered by Paragraph 1, and shall certify its compliance with the terms of the Court's Order to Heaven Hill in writing.

Heaven Hill states that it is entitled to the requested preliminary injunction because is likely to succeed on the merits of its claim against Heaven's Door; that it will suffer immediate and irreparable harm absent injunctive relief; that no other parties will be harmed by the issuance of a preliminary injunction; and that injunctive relief benefits the public interest.

This Motion is based on the accompanying Memorandum in Support of Motion for Preliminary Injunction, and the exhibits attached to the Memorandum, including the Affidavit of Max L. Shapira, President of Heaven Hill, the expert report of Hal Poret, the expert report of Kenneth B. Germain, the exhibits to the Complaint, the files and records of this action, and any further evidence and argument that the Court may receive before or at hearing.

Respectfully submitted,

*/s/   Christopher W. Brooker*
Christopher W. Brooker
Matthew A. Williams
Sean G. Williamson
Julie A. Laemmle
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street
Suite 2800
Louisville, Kentucky   40202-2898
502.589.5235
cbrooker@wyattfirm.com
mwilliams@wyattfirm.com
swilliamson@wyattfirm.com
jlaemmle@wyattfirm.com

***Counsel for Plaintiff, Heaven Hill Distilleries, Inc.***

## CERTIFICATE OF SERVICE

I also hereby certify that on **August 17, 2018**, I sent a copy of this motion via certified mail, return-receipt requested, to the following:

Corporation Service Company
Service of Process Agent for Heaven's Door, LLC
251 Little Falls Drive
Wilmington, Delaware   19808

*/s/   Christopher W. Brooker*
***One of Counsel for Plaintiff***

61748715.5

3