UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| HEAVEN HILL DISTILLERIES, INC.<br><br>PLAINTIFF,<br><br>V.<br><br>HEAVEN'S DOOR SPIRITS, LLC<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 3:18-CV-556-DJH<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT HEAVEN'S DOOR SPIRITS, LLC'S**
**ANSWER TO THE COMPLAINT**

Defendant Heaven's Door Spirits, LLC ("Heaven's Door"), by the undersigned attorneys, hereby answers the Complaint, Dkt. No. 1, as follows:

**PRELIMINARY STATEMENT**

This lawsuit is an attempt to use the legal system to suppress fair competition and win a competitive advantage that is not achievable in the free market. In 2016, Defendant Heaven's Door partnered with the legendary songwriter and recording artist Bob Dylan to create a super-premium whiskey portfolio that would prominently feature Mr. Dylan's unique visual art and persona, and is named after one of his most iconic songs, *Knockin' on Heaven's Door*. Mr. Dylan's name and signature adorn the bottle, along with ornamental images of his hand-welded gates. His inspiration for and affiliation with the product are celebrated in all marketing materials, and his part ownership of the company and role in developing the products have been covered extensively by local, national, and international media.

In April 2017, Heaven's Door publicly applied to register its trademarks with the United States Patent and Trademark Office and in April 2018 began marketing its premium whiskey

1

throughout the country.  Fourteen months after Heaven's Door initiated this process and provided notice to the world of its intent to launch the Heaven's Door brand, Heaven Hill Distilleries, LLC ("Heaven Hill") filed this lawsuit.  Plaintiff claims that Heaven's Door whiskey—a product defined by its association with the music, visual art, and renowned persona of Bob Dylan—represents an attempt to capitalize on Heaven Hill's brand in the market by causing confusion between Heaven's Door's whiskey and Plaintiff's whiskey brand and products.  Heaven Hill's claim is baseless.  The only brand upon which Heaven's Door seeks to capitalize is Bob Dylan's, not Heaven Hill's.

Even more fundamental, Heaven's Door's bottle shapes and labels bear no resemblance whatsoever to Plaintiff's products, and the flavor profiles and price points of Heaven's Door and Heaven Hill products are completely different.  No reasonable consumer would ever be confused by one brand or the other.  A comparison of the bottles side by side makes this clear:



Heaven's Door ultra-premium crafted Tennessee whiskey, bourbon, and rye comes in sleekly designed proprietary bottles that bear no resemblance to and have nothing to do with Heaven Hill's low-priced Kentucky "Old Style Bourbon" poured from Heaven Hill's round bottles.  The images of Bob Dylan's ironworks featured on each Heaven's Door bottle are radically different from the applied paper label on Heaven Hill Bourbon.  And Heaven Hill's products are sold at a vastly cheaper price point (approximately $10-$12 per bottle) compared to Heaven's Door (approximately $45-$85 per bottle)—meaning that Heaven's Door is placed often on or near the top shelf in liquor stores, while Heaven Hill is often placed at or near the bottom.  No reasonable consumer shopping in the actual marketplace would conflate these products.

The context, moreover, is important here.  Neither product is referred to as "Heaven." That is because the word "heaven" is a dictionary term that does not have independent "secondary" meaning as an indicator of the source of a product.  Indeed, the term "heaven" and close variations are commonly used commercially by other companies in the spirits and beverage market.  As a result, the differences between the names "Heaven Hill" and "Heaven's Door" are important and convey an entirely different commercial meaning to consumers.

Trademark laws are designed to protect fair competition, not to impede it.  If Heaven Hill fears the entry of another whiskey in the market, it should improve its product, not attempt to banish from the marketplace a legitimate competitor.

Heaven Hill has also not acted as if it had been harmed in any way.  Plaintiff admits that it learned of Heaven's Door's trademark application more than fourteen months before it brought suit.  If Plaintiff was truly concerned about enforcing its mark, it would have moved far more quickly to thwart Heaven's Door's initial registration; instead, it waited until 15 weeks after Heaven's Door launched and then filed suit to attack a competitive threat.  And Plaintiff's lack of

concern makes sense: Plaintiff's Heaven Hill brand is so unimportant to it that the brand does not even appear on its website.[1]  Heaven Hill has even recently discontinued one of its Heaven Hill-branded products.  This Court should not permit Plaintiff to misuse trademark law to stifle fair competition.  Heaven Hill's claims should be rejected in full.

## <u>GENERAL DENIAL</u>

Heaven's Door denies any and all liability under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related statutes and common law of the Commonwealth of Kentucky.  In addition, a number of allegations in the Complaint state legal conclusions that do not require a response; to the extent a response is required, such allegations are denied.  The Complaint also includes a number of section headings, to which no response is required; to the extent a response is required, such headings are denied.

## <u>RESPONSES TO SPECIFIC ALLEGATIONS</u>

1.      Paragraph 1 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 1.

2.      Heaven's Door admits that Plaintiff seeks injunctive and monetary relief but denies that Heaven Hill is entitled to any such relief.

## "<u>PARTIES</u>"

3.      Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

---

[1]  *See* Heaven Hill Brands, *available at* https://heavenhill.com/brands.

4.     Heaven's Door admits that Heaven's Door Spirits, LLC is a limited liability company formed under the laws of Delaware with its principal place of business in Chicago. Defendant denies the remainder of Paragraph 4.

## "**JURISDICTION AND VENUE**"

5.     Paragraph 5 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 5.

6.     Paragraph 6 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 6.

7.     Paragraph 7 contains conclusions of law to which no response is required. Defendant admits that it has sold and marketed whiskey under the mark HEAVEN'S DOOR within this judicial district.  Defendant otherwise denies the allegations of Paragraph 7.

## "**FACTUAL BACKGROUND**"

### "**Heaven Hill's Trademark**"

8.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies these allegations.

9.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies these allegations.

10.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies these allegations.

11.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies these allegations.

12.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies these allegations, except that Heaven's Door expressly denies that Heaven Hill is "known for its HEAVEN HILL-branded Kentucky straight bourbon whiskeys."

13.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies these allegations.

14.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies these allegations.

15.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies these allegations.

16.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies these allegations.

17.     Paragraph 17 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies these allegations.

18.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies these allegations.

19.     Paragraph 19 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies these allegations.

20.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies these allegations.

21.     Paragraph 21 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies these allegations.

22.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies these allegations.

23.     Paragraph 23 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies these allegations.

24.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies these allegations.

25.     Paragraph 25 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies these allegations.

26.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies these allegations.

27.     Paragraph 27 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies these allegations.

28.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies these allegations.

29.     Paragraph 29 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies these allegations.

30.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 and therefore denies these allegations.

31.     Heaven's Door denies the allegations set forth in Paragraph 31.

32.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies these allegations.

33.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies these allegations.

34.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies these allegations.

35.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies these allegations.

36.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies these allegations.

37.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies these allegations.

38.     Paragraph 38 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 38.

39.     Heaven's Door lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies these allegations.

"<b><u>Defendant's Infringing Activity</u></b>"

40.     Heaven's Door admits the allegations in Paragraph 40.

41.     Heaven's Door admits that it registered the mark HEAVEN'S DOOR in April 2017 and began selling products with the mark HEAVEN'S DOOR in April 2018.  The remainder of Paragraph 41 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 41.

42.     Heaven's Door denies the allegations in Paragraph 42.

43.     Heaven's Door denies the allegations in Paragraph 43.

44.     Heaven's Door admits the allegations in Paragraph 44.

45.     Heaven's Door admits the allegations in Paragraph 45.

46.     Heaven's Door admits that the products depicted in Exhibit 4 are Heaven's Door products.  Heaven's Door denies that it has been engaged in the "production" of distilled spirits throughout the United States.  Heaven's Door admits that it has engaged in the distribution, advertising, promotion, offering for sale, and sale of distilled spirits in Kentucky, Tennessee, Illinois, Florida, New York, Texas, and California.  Heaven's Door otherwise denies the allegations in Paragraph 46.

47.     Heaven's Door denies the allegations set forth in Paragraph 47.

48.     Heaven's Door admits that it has distributed, marketed, advertised, promoted, offered for sale, and sold its distilled spirits under the mark "Heaven's Door" in Kentucky, Tennessee, Illinois, Florida, New York, Texas, and California and otherwise denies the allegations in Paragraph 48.

49.     Heaven's Door admits that it distributed and sold its products in and around Louisville, Kentucky.  Heaven's Door lacks sufficient knowledge to form a belief as to when Heaven Hill was founded and for how long it has distilled whiskey under the HEAVEN HILL mark and therefore denies these allegations.  Heaven's Door otherwise denies the allegations set forth in Paragraph 49.

50.     Heaven's Door admits it has marketed, advertised, and promoted its distilled spirits under the name "Heaven's Door."  Heaven's Door lacks sufficient knowledge to form a belief as to what channels Heaven Hill uses for its marketing, advertising, and promotions and therefore denies these allegations.  Heaven's Door otherwise denies the allegations set forth in Paragraph 50.

51.     Heaven's Door admits that it sells its products to American whiskey drinkers of a legal age but otherwise denies the allegations set forth in Paragraph 51.

52.      Heaven's Door admits that its April 2017 applications of the HEAVEN'S DOOR mark were based on intent to use.  Heaven's Door lacks sufficient knowledge to form a belief regarding when Heaven Hill became aware of Defendant's trademark applications or whether and why Heaven Hill merely "continued to monitor" Heaven's Door rather than take any enforcement action and therefore denies these allegations.  Heaven's Door otherwise denies the allegations set forth in Paragraph 52.

53.     Heaven's Door admits that the TTB issued COLAs to Heaven's Door in April 2018.  Heaven's Door otherwise denies the allegations in Paragraph 53 or lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies these allegations.

54.     Heaven's Door admits that Heaven Hill, through counsel, sent a letter to Heaven's Door and respectfully refers the Court to that letter for the contents thereof.  Heaven's Door otherwise denies the allegations set forth in Paragraph 54.

55.     Heaven's Door admits that counsel for Heaven's Door sent a letter to Plaintiff on May 3, 2018, and respectfully refers the Court to that letter for the contents thereof.  Heaven's Door otherwise denies the allegations set forth in Paragraph 55.

56.     Paragraph 56 also contains legal conclusions to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations in Paragraph 56 or lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies these allegations.

57.     Paragraph 57 contains conclusions of law to which no response is required.  With respect to the decisions cited in Paragraph 57, Heaven's Door respectfully refers the Court to those decisions for the contents thereof.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 57.

58.     Paragraph 58 contains conclusions of law to which no response is required.  With respect to the decisions cited in Paragraph 58, Heaven's Door respectfully refers the Court to those decisions for the contents thereof.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 58.

59.     Heaven's Door admits that Exhibit 6 attached to the Complaint contains the quotation provided in Paragraph 59.  Heaven's Door otherwise denies the allegations in Paragraph 59.

60.     Paragraph 60 contains conclusions of law to which no response is required. Heaven's Door otherwise denies the allegations in Paragraph 60.

61.     Paragraph 61 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 61.

62.     Paragraph 62 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 62.

63.     Paragraph 63 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 63.

64.     Paragraph 64 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 64.

## "COUNT I"

## "Federal Trademark Infringement in Violation of Section 32 of the Lanham Act"

65.     Responding to Paragraph 65, Heaven's Door incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

66.     Paragraph 66 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 66.

67.     Paragraph 67 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 67.

68.     Paragraph 68 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 68.

69.     Paragraph 69 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 69.

"**<u>COUNT II</u>**"

"**<u>Trade Name Infringement in Violation of Section 43(a) of the Lanham Act</u>**"

70.     Responding to Paragraph 70, Heaven's Door incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

71.     Paragraph 71 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 71.

72.     Paragraph 72 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 72.

73.     Paragraph 73 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 73.

74.     Paragraph 74 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 74.

"**<u>COUNT III</u>**"

"**<u>Unfair Competition in Violation of Section 43(a) of the Lanham Act</u>**"

75.     Responding to Paragraph 75, Heaven's Door incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

76.     Paragraph 76 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 76.

77.     Paragraph 77 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 77.

78.     Paragraph 78 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 78.

79.     Paragraph 79 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 79.

80.     Paragraph 80 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 80.

"**COUNT IV**"

"**Trademark Infringement in Violation of KRS 365.601**"

81.     Responding to Paragraph 81, Heaven's Door incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

82.     Paragraph 82 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 82.

83.     Paragraph 83 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 83.

84.     Paragraph 84 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 84.

85.     Paragraph 85 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 85.

86.     Paragraph 86 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 86.

"<u>COUNT V</u>"

"<u>Trademark Infringement and Unfair Competition in Violation of Kentucky Common Law</u>"

87.     Responding to Paragraph 87, Heaven's Door incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

88.     Paragraph 88 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 88.

89.     Paragraph 89 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 89.

90.     Paragraph 90 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 90.

91.     Paragraph 91 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 91.

92.     Paragraph 92 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 92.

93.     Paragraph 93 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 93.

94.     Paragraph 94 contains conclusions of law to which no response is required.  To the extent a response is required, Heaven's Door denies the allegations set forth in Paragraph 94.

"<u>PRAYER FOR RELIEF</u>"

Heaven's Door denies that Plaintiff has any valid claim against it.  Heaven's Door further denies that Plaintiff is entitled to any of the relief requested, including a declaration, judgment, injunction, and any other relief.

**<u>AFFIRMATIVE DEFENSES</u>**

Without assuming any burden of proof, persuasion or production not otherwise legally assigned to them as to any element of Plaintiff's claims, Heaven's Door asserts the following affirmative and other defenses:

<u>First Defense</u>

The Complaint fails to state a claim upon which relief may be granted.

<u>Second Defense</u>

Plaintiff's claims are barred because there is no actual or likelihood of confusion between Plaintiff's and Defendant's marks or products.

<u>Third Defense</u>

Plaintiff's claims are barred because there is no secondary meaning to the term "Heaven."

<u>Fourth Defense</u>

Plaintiff's claims are barred by the doctrine of trademark misuse.

<u>Fifth Defense</u>

Plaintiff's claims are barred by the doctrine of unclean hands arising out of, but not

limited to, Plaintiff's own significant infringing conduct in the marketplace[2]:

| **<u>Well-Known Liquor Brand</u>** | **<u>Heaven Hill Copycat</u>** |
|---|---|
|  |  |
|  |  |

---

[2]  Plaintiff is also an adjudged international trade dress infringer based on its Admiral Nelson's infringement of the far stronger Captain Morgan mark.  *See Diageo Canada Inc. v. Heaven Hill Distilleries, Inc.*, [2017] F.C. 571, ¶ 127 (Can. Ont. Fed. Ct.) (noting, in holding that Heaven Hill's Admiral Nelson product infringes upon Captain Morgan, that "[T]he degree of resemblance between the Admiral Nelson character and Diageo's registered trademarks is such that . . . a somewhat hurried consumer, with an imperfect recollection of the CAPTAIN MORGAN trademarks who is ordinarily cautious but does not pause to examine closely the similarities or differences between the trademarks or trade names, would likely be confused in purchasing a bottle of ADMIRAL NELSON'S rum, thinking it to be a bottle of CAPITAN MORGAN rum").

17



<u>Sixth Defense</u>

Plaintiff's claims are barred because Plaintiff has not been harmed by any of Defendant's conduct.

<u>Seventh Defense</u>

To the extent Plaintiff can demonstrate it has suffered harm, Plaintiff's claims are barred because Plaintiff has failed to mitigate any such harm.

<u>Eighth Defense</u>

Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or acquiescence.

<u>Ninth Defense</u>

Plaintiff's claims are barred by the doctrine of laches.

Heaven's Door reserves the right to raise any additional defenses, cross-claims, counter-claims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE, Heaven's Door respectfully requests that the Court dismiss Plaintiff's claims against it, award costs, disbursements and attorneys' fees to Heaven's Door, and grant such other and further relief that this Court deems just and proper.

Dated:  October 10, 2018

By:   */s/*  Andrew L. Sparks

Kerry B. Harvey
Andrew L. Sparks
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507
Tel:  (859) 899-8739
Fax:  (844) 670-6009
E-Mail:     kharvey@dickinsonwright.com
                  asparks@dickinsonwright.com

Orin Snyder
Howard Hogan
Brian C. Ascher
Lee R. Crain
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Tel:  (212) 351-4000
Fax:  (212) 351-4035
E-Mail:     osnyder@gibsondunn.com
                  hhogan@gibsondunn.com
                  bascher@gibsondunn.com
                  lcrain@gibsondunn.com

*Attorneys for Defendant Heaven's Door*
*Spirits, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send electronic notice to the following counsel of record:

- Christopher W. Brooker cbrooker@wyattfirm.com, dlaney@wyattfirm.com, lmattingly@wyattfirm.com
- Matthew A. Williams mwilliams@wyattfirm.com, dlaney@wyattfirm.com
- Julie A. Laemmle jlaemmle@wyattfirm.com, dlaney@wyattfirm.com
- Sean G. Williamson swilliamson@wyattfirm.com, tklapheke@wyattfirm.com, ubeam@wyattfirm.com

*/s/ Andrew L. Sparks*
COUNSEL FOR DEFENDANT